875 F.2d 315
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Margaret D. MILLER, as Clerk of the County Commission for
Kanawha County, West Virginia, Plaintiff-Appellant,
v.
PACIFIC EMPLOYERS INSURANCE COMPANY, a California
Corporation, Defendant-Appellee.
Henry C. SHORES, Commissioner of Kanawha County Commission,
Plaintiff-Appellant,
Robert F. Silverstein, Commissioner of Kanawha County
Commission, Plaintiff-Appellant,
v.
PACIFIC EMPLOYERS INSURANCE COMPANY, a California
Corporation, Defendant-Appellee.
 Nos. 87-3860L, 87-3861.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 9, 1989.
Decided: May 15, 1989.
 
 James Allan Colburn (Baer, Robinson & Colburn on brief); Henry Reese Glass, III (Lovett, Vaughan & Cooper, on brief), for appellants.
 Michael Edward Maundrell (Kerry Beringhous, Rending, Fay, Kiely & Dennis; Michael Bonasso, Kay, Casto & Chaney, on brief), for appellee.
 Before HARRISON L. WINTER,* Chief Judge, and ERVIN and WILKINSON, Circuit Judges.*
 PER CURIAM:
 
 
 1
 The issue in this case is whether defendant improperly refused to defend or to indemnify plaintiffs in accordance with a professional liability insurance policy issued to the Kanawha County Commission. In a non-jury trial, the district court ruled that it had not. Plaintiffs appeal. Because we find no merit in plaintiffs' claims of factual and legal error, we affirm.
 
 I.
 
 2
 Plaintiffs Margaret Miller, Henry Shores and Robert Silverstein are elected officials and residents of Kanawha County, West Virginia. Defendant Pacific Employers Insurance Company issued a public officials and employees professional liability insurance policy following a solicitation for bids by Kanawha County. Before the policy was issued, Pacific required the insured to answer a series of questions in the form of an "Application for Public Officials and Employees Legal Liability" (the "Application") in order to evaluate fully the insurance risk that it was preparing to assume. The Application was completed and signed by Allen McVey, a local insurance broker, under the direction of James F. Jones, the Purchasing Director for the Kanawha County Commission and the local official primarily responsible for the procurement of insurance coverage.
 
 
 3
 The district court found that false answers were given in response to two questions concerning public officials' knowledge of any previous errors or omissions or of any pending legal actions or investigations that might result in a suit against a County official or employee or a claim against the policy. There was, in fact, a pending investigation into the conduct of County officials and employees during an election held in 1980. The district court also found that these misrepresentations were material to Pacific's decision to underwrite the risk according to the terms of the policy that was issued.
 
 
 4
 On appeal, plaintiffs argue that McVey was an agent of Pacific, that his knowledge may be imputed to the insurer, and that he was as knowledgeable as the plaintiffs regarding the existence of state and federal investigations and potential litigation surrounding the 1980 local elections. Accordingly, plaintiffs contend that defendant was not deceived by the answers because it is charged with its agent's knowledge, and that it is therefore estopped from denying coverage for false representation. Plaintiffs also contend that the Application is not properly admissible into evidence because it was not physically attached to the policy or expressly incorporated by it. Finally, plaintiffs challenge the district court's conclusion that the answers were material to Pacific's issuance of the policy, and contend that Pacific has a continuing duty to defend them irrespective of any entitlement to indemnification under the policy.
 
 II.
 
 5
 Initially, we agree with the district court's finding that the answers were material misrepresentations.[1] A contrary finding would have been against the manifest weight of evidence with respect to their falsity and against uncontroverted evidence with respect to their materiality.
 
 
 6
 We also think that the district court correctly interpreted and applied West Virginia law in concluding that Pacific is not estopped from refusing to defend or to indemnify because of the alleged knowledge of its agent. In each of the cases relied upon by plaintiffs, the insured had answered the questions put to them by the insurance agents truthfully. The agent then either misrecorded or overlooked the significance of these answers. In these cases, the courts concluded that the insurer was estopped from claiming that the application was invalid because the knowledge of the agent is imputed to the insurer. Here, by contrast, the information given the agent was false.
 
 
 7
 It is the absence of "fraud, collusion or actual knowledge of the insured ... of such falsity" that is the prerequisite for application of the rule imputing an agent's knowledge to the insurer. Moore v. United Benefit Life Insurance Company, 115 S.E.2d 311, 317 (W.Va.1960). In Christian v. State Farm Mutual Automobile Insurance Co., 110 S.E.2d 845 (W.Va.1959) and Shamblen v. Modern Woodmen of America, 142 S.E. 447 (W.Va.1928), the two cases relied upon by the district court, false statements were made by the insured and these were known to be false by the agent. In those cases, the Supreme Court of Appeals of West Virginia held that the insurer was not required to honor the policy.
 
 
 8
 Nor do we find any merit in plaintiffs' contention that there is no proof of a material misrepresentation because the Application is not properly admissible. Although the Application may not be integrated for purposes of construing the meaning of the terms of the policy, this does not render the Application inadmissible for purposes of determining whether the policy is void or voidable under the circumstances of this case. Initially, we observe that the policy itself clearly states that the insurer undertakes its obligations "in reliance upon the statements in the application." Furthermore, West Virginia Code Sec. 33-6-6 does not require that applications for this type of insurance be attached to the policy in order to be admissible. [Compare Sec. 33-6-6(a) (requiring attachment of application for "life or accident or sicknesses" policies) with Sec. 33-6-6(c) (requiring only that the insurer promptly supply a copy of the application upon written request by the insured for all "other" types of insurance).]
 
 
 9
 Finally, because the policy is voidable by the insurer, we perceive no merit in plaintiffs' argument that Pacific was obligated to provide a defense in the suits against them. This is not a situation in which the insurer owes a duty to defend despite the possibility that policy exclusions may relieve it of the obligation to indemnify. Rather, Pacific owes neither a duty to defend nor to indemnify because its decision to issue the policy was based on material misrepresentations in the Application.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Following argument of this appeal, Judge Winter relinquished the chief judgeship but retained his status as an active circuit judge
 
 
 [1]
 West Virginia Code Sec. 33-6-7 provides:
 All statements and descriptions in any application for any insurance policy or in negotiations therefor, by or in behalf of the insured, shall be deemed to be representations.... Misrepresentations, omissions, concealments of facts, and incorrect statements shall not prevent a recovery under the policy unless:
 (a) Fraudulent; or
 (b) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
 (c) The insurer in good faith would either not have issued the policy, or would not have issued a policy in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been known to the insurer as required either by the application for the policy or otherwise.